UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

| | |
|---|---|
| JANE DOE | Case No. 3:24-CV-1267 (MAD/ML) |
| Plaintiff | |
| -against- | **COMPLAINT** |
| VEM MILLER aka<br>VSEM MILLER-YENOVKIAN aka<br>VEM YENOVKIAN aka<br>VEM STEINBERG aka<br>BRIAN MILLER<br>dba AMERICA HAPPENS | |
| Defendant | |

Plaintiff, Jane Doe pro se, as and for her Complaint hereby alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. August 2023, two exclusive websites were set up with derogatory information clearly intended to harm Plaintiff, invading her privacy, intrusion upon seclusion and public disclosure of private facts, not only advertising this information on the internet with it's own unique URL's to portray Plaintiff as a liar, thief, attempted murderer, Defendant also emailed links to the website and included a PDF about Plaintiff that she had been in prison,

1

    convicted of crimes, that she had not committed, along with other negative information and falsehoods about Plaintiff, sent to Plaintiff's colleagues, board members, friends, to destroy Plaintiff's reputation and cause Plaintiff harm and intentional emotional distress.

2. April 17th, 2024 after a trial, Plaintiff received a 3 year full stay away order of protection against Defendant's friend Jonathan Rees aka Greg Ellis.

3. April 18th, 2024 to May 4th, 2024 an investigation led Plaintiff to finding out via Wix, GoDaddy and others, that the exclusive websites about Plaintiff were being operated by Vem Miller and America Happens.

4. On or around May 5th 2024, Plaintiff emailed Defendant to his America Happens email with the OOP and requested Defendant removes the exclusive derogatory website, him and his friend Jonathan Rees aka Greg Ellis set up about Plaintiff to harass, stalk, torment her and her minor children as ordered by Honorable Judge Young, which was mocked with Defendant inviting Plaintiff on to his America Happens Show to talk about the websites, leading to Plaintiff filing police reports about Defendant and his friend/colleague Jonathan Rees aka Greg Ellis to New York State Police.

5. Defendant, Jonathan Rees aka Greg Ellis, along with other enablers recruited under his charity, Children and Parents United (CPU) a 501(c)(3) non-profit and his production company, Monkey Toes, contacted Plaintiff's board members, business associates, including Big Media, crew members working with Plaintiff on Film Projects reporting that she had attempted to murder Jonathan Rees aka Greg Ellis, sharing Plaintiff was dangerous, mentally ill with a personality disorder, drug addict, abused her children, which Defendant also reported to CPS multiple times and her Children's Schools claiming to be a journalist for America Happens doing a story on Plaintiff, sharing the exclusive websites of Plaintiff set up by Defendant and his friend with falsehoods and edited videos of Plaintiff trying to show her in a nefarious light to turn people against Plaintiff and destroy her business, her

family and intentionally harm Plaintiff. As a result, board members removed themselves from Plaintiff's business, contractors and crew from Plaintiff's latest Film project, also removed from Sales Agent and Distribution after they were sent the website with falsehoods and distorted edited videos by Defendant to fit his narrative against Plaintiff.

6. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against Defendant for harassment, stalking, violation of civil rights, libel and slander, intentional infliction of emotional distress, intentional interference with prospective economic advantage, and tortious interference with contract/prospective economic advantage.

## THE PARTIES

7. Plaintiff is a resident of the County of Broome, State of New York.

8. Plaintiff is a 23 year Film Veteran working in the Entertainment Industry as a Director, Writer and Producer, relying heavily on her reputation to earn a living to provide for her three minor children as their sole financial provider.

9. Defendant Vem Miller is a resident of the County of Clark, State of Nevada. His address is 2644 Lochleven Way, Henderson, NV 89044

10. Defendant lived in New York State for years and transacted business in the State of New York as a video content creator, contacting multiple people in the Entertainment Industry based in California and in New York State with the intention of interfering with Plaintiff's business and was aware that his actions would directly affect a New York resident, and is the subject of this court's long arm jurisdiction statute.

## JURISDICTION AND VENUE

11. This action is brought pursuant to 28 U.S.C § 1332(a)(1) based upon Diversity of Citizenship because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between a citizen of New York and a citizen or subject of a different state.

12. This action is also brought pursuant to 28 U.S.C. § 1391, federal question and pursuant to 18 U.S.C. § 2261A.

13. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Northern District of New York is the Judicial District in which a substantial part of the events forming the basis of the Complaint occurred, where a substantial part of the evidence involved in the subject action is situated, and where the majority of the witnesses to the events forming the basis of the Complaint reside. Furthermore, Defendant meets the requisite minimum contacts for jurisdiction in this District.

## FACTUAL ALLEGATIONS

14. Even though abuse, stalking, extortion, harassment, doxing, violence begun on November 24th 2022, Defendant's friend Jonathan Rees aka Greg Ellis's obsession with Plaintiff escalated by one thousand percent from August 8th 2023, until present day when he recruited Defendant, Vem Miller dba America Happens, to set up exclusive websites, harass, stalk and hurt Plaintiff, destroying her career, creating financial instability, reputation savaging, ruining her business relationships, to ensure no-one believed Plaintiff's allegations against Jonathan Rees aka Greg Ellis.

15. Defendant has created a hate campaign and frenzy against Plaintiff to harm and damage her beyond repair, and impact her livelihood, lifestyle and family unit.

16. Defendant is part of Proud Boys and Sovereign Citizen, a radical extremist group that do not believe the Law applies to them. Defendant has a history of violence towards women, including his ex-wife with documents in Ontario Superior Court of Justice detailing

Defendant being violent in his marriage to his ex-wife and their children, threatening to kill his children, take his own life and theirs if his business didn't work out, then after she fled to the United Kingdom, Defendant stalked, harassed her, set up exclusive websites about her and her parents, with YouTube videos, a brutal campaign of hateful abuse, stalking, with him using devices placed under her car to track her, when he would then film her and the children, sending her the videos to scare her, maintaining fear, in a pattern of abuse that is now happening to Plaintiff, then uploaded videos to his platforms to laugh about them with his followers.

17. In or around October 12th, 2024 Defendant was arrested accessing the second checkpoint perimeter of President Trump's rally in Coachella with a loaded handgun, a loaded shotgun, plus extra loaded magazines, with multiple fake passports in different names, and a forged press pass. Defendant has been charged with multiple crimes, with an open investigation into the allegations that he was intending to assassinate President Trump.

18. Defendant and Jonathan Rees aka Greg Ellis recorded a special podcast together in January 2022 called: A Crusade of Familial Genocide with Greg Ellis, & Vem Miller.



19. Defendant and Jonathan Rees aka Greg Ellis share the same radical, extremist views and are both misogynistic abusers to their core, which they do not even attempt to hide, believing it's male masculinity and they are in fact the victims.

20. Background to add context. In early November 2022, Defendant's friend and colleague Jonathan Rees aka Greg Ellis told Plaintiff that he had invited a few people to his property for Thanksgiving 2022, including Thomas and Suzanne Harrison, his Talent Manager, which extended an invitation to Plaintiff, her minor children and their German Shepherd dog Wolfie. On arrival Plaintiff discovered they were the only guests at his property in the middle of nowhere, where Jonathan Rees aka Greg Ellis committed multiple acts of violence towards Plaintiff, along with mental, physical, emotional and financial abuse, and child sexual exploitation and child abuse of her daughter "M" minor aged 12 at the time, and child endangerment using an illegal firearm knowing Defendant was prohibited under Federal and New York State Law due to Title 18 Mentally Defective, and animal abuse of Plaintiff's dog Wolfie with Defendant leaving him outside in freezing conditions and hitting him.

21. While intoxicated during Thanksgiving break, Defendant's friend Jonathan Rees aka Greg Ellis pulled out a loaded rifle recklessly pointing it back and forth between Plaintiff and her children, insisting on hunting beavers with minor boys, which Plaintiff objected strongly to resulting in a high stakes argument. Plaintiff in fear of their safety due to his erratic drunken state, refused to let her children go hunting in the dark with Jonathan Rees aka Greg Ellis who in a huff, went hunting for Beavers alone stating they were ruining his land.

22. Around December 10th, 2023 Defendant's friend Jonathan Rees aka Greg Ellis in a drunken state called Plaintiff and told her that she needed to be careful who she speaks to about what happened at his home. He then added that he had video footage of Plaintiff and Plaintiff minors recorded on his Ring cameras secretly situated around his home, including the bedrooms.

23. Plaintiff immediately felt violated and sick to her stomach, feeling extorted and concerned he might have videos of Plaintiff and her children naked coming out of the shower, changing for bed.

24. Plaintiff is a witness against Jonathan Rees aka Greg Ellis for his intentional criminal acts committed against his charity, hoodwinking the public for monetary donations, fraud and theft from sophisticated and unsophisticated investors who invested money in Jonathan Rees aka Greg Ellis's projects under false pretenses, using Plaintiff to meet with investors to reassure them him and his production company Monkey Toes were legit.

25. Plaintiff is a witness against Jonathan Rees aka Greg Ellis for intentionally submitting fraudulent statements on behalf of Plaintiff to a public officer while committing identity theft and forgery to Law Enforcement, Los Angeles Superior Court, and Chenango County Court submitting statements on Plaintiff's behalf without her consent or knowledge in order to win his case against his ex-girlfriend, even by him intentionally committing crimes of fraud, perjury, identity theft and forgery.

26. Jonathan Rees aka Greg Ellis recruited Defendant to act as an enabler of abuse, a flying monkey in August 2023 to help him ramp up his harassment, stalking and torment towards Plaintiff and her children to silence her by any means necessary. Plaintiff believes Defendant is extremely dangerous and based on what has occurred over the last 15 months, he'll go to great lengths in order to find and harm Plaintiff, causing intentional emotional distress on her entire family, hurting her minor children in order to harm Plaintiff, showing a lack of rational thought and unstable behavior by Defendant.

27. Defendant Vem Miller dba America Happens, has caused Plaintiff Emotional Distress, Privacy, and Dignitary Torts: Appropriation of name or likeness, Intrusion upon seclusion, False light, Public disclosure of private facts, harassment, stalking/cyberstalking, libel and slander, tortious interference, ongoing abuse and bullying.

## FIRST CAUSE OF ACTION

### (Stalking/Cyberstalking) 18 U.S.C. § 2261A

### Against Defendant

28. Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

29. From August 2023 until filing, Defendant with intent to kill, injure, harass, and intimidate "Jane Doe," used an interactive computer service, an electronic communication service, an electronic communication service of interstate commerce, and facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotion distress to Doe in violation of Title 18, United States Code, Section 2261A(2).

30. Defendant intent on destroying Doe, stalked Doe and all aspects of her life, operating two exclusive websites to harm Doe and ruin her reputation with multiple amendments to these websites spanning 15 months showing Defendant's obsession with Plaintiff. Defendant has been adding further derogatory information to websites on a regular basis to continue to humiliate and harm Plaintiff with falsehoods and distorted facts ongoing as of filing action against Defendant in Federal Court showing Defendant did not make a one off mistake or is full of regret, but acted in a calculated and revengeful way in his pursuit to hurt and destroy Doe for his friend.

31. Defendant clearly intent on harming Doe, distributed a flyer with falsehoods about Doe to negatively impact Plaintiff by sharing the flyer and website links electronically to Plaintiff's board members, business associates, talent management team, contractors working with Plaintiff on her film projects, friends and volunteers in CPU charity, and other industry people to cancel Doe in the Entertainment Industry and prevent her from distributing her projects.

32. Defendant intent on revenge for what he perceives is betrayal by Doe of his friend Jonathan Rees aka Greg Ellis, created a hate campaign on social media platforms against Doe using aliases, on X (formally known as Twitter) and Facebook, recruiting enablers to his

campaign against Plaintiff to harm, embarrass and reputation savage Doe and her projects, destroying her Drone Business and standing as a Producer and Director in the Entertainment Industry.

33. Defendant filed deliberately misleading information to CPS on numerous occasions deemed unfounded after investigation by multiple CPS Officers with information on file until her children turn 27 years old, impacting Plaintiff now and in the future.

34. Defendant is stalking Plaintiff to find out information about her immigration status, even contacting ICE under the pretense of "journalist" to uncover information about her.

35. Defendant contacted Doe minor's school stating Doe was dangerous and harming her children creating chaos and causing harm to Doe with falsehoods under the pretense of "journalist".

36. Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

### (Harassment)

### Against Defendant

37. Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

38. From August 2023 until filing, Defendant with intent to kill, injure, harass, and intimidate "Jane Doe," in person and via an interactive computer service, an electronic communication

service, an electronic communication service of interstate commerce, and facilities of interstate and foreign commerce, to engage in a course of harassing conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Doe in violation of New York State Laws.

39. Defendant intent on destroying Doe, stalked Doe and all aspects of her life, operating two exclusive websites to harm Doe and ruin her reputation with multiple amendments to these websites spanning 15 months demonstrating Defendant's harassment and obsession with Plaintiff. Defendant has been adding further derogatory information to websites on a regular basis to continue to humiliate and harm Plaintiff with falsehoods and distorted facts ongoing as of filing action against Defendant in Federal Court showing Defendant did not make a one off mistake or is full of regret, but acted in a calculated, vengeful and malicious way in his pursuit to hurt and destroy Doe, revictimization of Plaintiff, refusing to remove the websites after the OOP was issued by Honorable Judge Young who ordered their removal, instead Defendant mocked Plaintiff and invited her onto his America Happens Show.

40. Defendant clearly intent on harming Doe, distributed a flyer with falsehoods about Doe to negatively impact Plaintiff by sharing the flyer and website links electronically to Plaintiff's board members, business associates, talent management team, contractors working with Plaintiff on her film projects, friends and volunteers in CPU charity, and other industry people to cancel Doe in the Entertainment Industry and prevent her from distributing her projects.

41. Defendant intent on revenge for what he perceives is betrayal by Doe against his friend Jonathan Rees aka Greg Ellis, created a hate campaign on social media platforms against Doe using aliases, including, but not limited to, on X (formally known as Twitter) and Facebook, recruiting enablers to his campaign against Plaintiff to harm, embarrass and reputation savage Doe and her projects, destroying her Drone Business and standing as a Producer and Director in the Entertainment Industry.

42.     Defendant filed deliberately misleading information to CPS on numerous occasions deemed unfounded after investigation by multiple CPS Officers with information on file until her children turn 27 years old, impacting Plaintiff now and in the future.

43.     Defendant is stalking Plaintiff to find out information about her immigration status, even contacting ICE under the pretense of "journalist" to uncover information about her.

44.     Defendant contacted Doe children's school stating Doe was dangerous and harming her children creating chaos and causing harm to Doe with falsehoods.

45.     Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### Against Defendant

46.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

47.     Defendant has engaged in the intentional, extreme, and outrageous conduct of possessing and disseminating videos of Plaintiff's and sharing two exclusive websites about Plaintiff with Falsehoods, Privacy, and Dignitary Torts: Appropriation of name or likeness, Intrusion upon seclusion, False light, and Public disclosure of private facts.

48.     Defendant also contacted Plaintiff's board members, contractors, film crew, management team, volunteers Plaintiff worked alongside, and Plaintiff's friends falsely reporting that Plaintiff was dangerous, an attempted murderer, fraud and thief.

49. Defendant did all of this knowing that his decision to do so would have irreversible, lifelong consequences for Plaintiff and her mental well-being.

50. Defendant's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

51. Defendant's sole purpose in sharing the videos and websites was to harass and/or embarrass Plaintiffs and cause her harm.

52. Defendant intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

53. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

54. Defendant acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that his actions would cause severe emotional distress.

55. Here, the acts of Defendant were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that his actions would harm Plaintiff's reputation and mental well-being, that, in addition to all the damages inflicted upon Plaintiff and in addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter him and others similarly situated from engaging in such conduct in the future.

56. Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

# FOURTH CAUSE OF ACTION

**(Violation of Civil Rights Law §52-b)**

**Against Defendant**

57.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

58.    Plaintiff had a reasonable expectation that videos captured while at Mr. Rees property at the invitation of Mr. Rees, would remain private, along with Ring videos captured while staying at his property, at his invitation that Plaintiff had no knowledge or gave consent to be recorded or distributed by Defendant.

59.    The content distributed by Defendant on the exclusive websites about Plaintiff, has been edited to look nefarious and to share falsehoods about Plaintiff.

60.    Defendant disseminated and published videos of Plaintiff without Plaintiff's permission or consent for the purpose of harassing, annoying, or alarming Plaintiff and in retaliation for filing police reports against Defendant's friend and colleague Jonathan Rees aka Greg Ellis, and her decision to cut off communication with him.

61.    Defendant disclosing private information is a violation of Doe's civil rights §52-b), an invasion of her privacy, intrusion upon seclusion and public disclosure of private facts, advertising this information on the internet with it's own unique URL's.

62.    As a result of Defendant's actions, Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from stalking, harassing, disseminating videos or images from videos captured, and such other relief as the Court deems equitable and just.

## FIFTH CAUSE OF ACTION

**(Tortious Interference with Contract/Prospective Economic Advantage)**

**Against Defendant**

63. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

64. In placing false calls and sending emails to Plaintiff's publicists, business associates, and distributors directly throughout New York State, California State, United Kingdom and Canada, Defendant interfered with Plaintiff's affiliations and prospective affiliations and business opportunities.

65. In interfering with her affiliations and prospective affiliations, Defendant acted with the sole purpose of harming Plaintiff or used improper or illegal means that amounted to a crime or independent tort.

## SIXTH CAUSE OF ACTION

**(Intentional Interference with Prospective Business Relations)**

**Against Defendant**

66. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

67. Plaintiff is a Professional Filmmaker working in the Entertainment Industry as a Director, Producer and Writer, affiliated with multiple talent agencies and production houses throughout New York State and Los Angeles, California.

68. In her position, Plaintiff is entrusted with cast and talent private information, content and personal matters, with her reputation central to her job as a Director and Producer.

69. Defendant knew that falsely advertising and reporting that Plaintiff was an "attempted murderer, dangerous, thief, fraudster" would adversely impact her ability to retain and find new work and engaged in such conduct for that purpose.

70. As a result of Defendant's actions, Plaintiff has been damaged.

71.     Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION

**(Injurious Falsehood)**

**Against Defendant**

72.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

73.     Defendant made false statements about the plaintiff, her property or business.

74.     These statements were communicated to a third party.

75.     Defendant acted with malice or negligence in making these statements.

76.     Plaintiff suffered economic harm as a result of the statement.

77.     Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION

**(Libel & Slander)**

15

**Against Defendant**

78. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

79. Statements shared by Defendant, including "Attempted Murderer" were false.

80. The statements were published to third parties.

81. The statements identified the plaintiff. The plaintiff is recognizable.

82. The statements harmed the plaintiff's reputation. The statement lowered the plaintiff in the estimation of the community.

83. Plaintiff suffered economic harm as a result of the statements.

84. Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

85. Plaintiff requests permission from the Court to file such additional causes of action Plaintiff deems necessary as a result of further investigation by Plaintiff and the production of Defendant's discovery responses.

**JURY DEMAND**

86. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgement in her favor and against Defendant, containing the following relief:

I.      Awarding Plaintiff damages;

II.     Compensatory damages, including past and future economic damages and non-economic damages;

III.    Punitive damages, as allowed by law;

IV.     Attorneys' fees, as allowed by law;

V.      All costs associated with this action, including, but not limited to, expert fees, deposition expenses, travel expenses, filing fees, and trial presentation expenses on all claims allowed by law;

VI.     Pre-filing, pre-judgment, and post-judgement interest at the highest lawful rate; and

VII.    Appropriate injunctive relief against Defendant, including a permanent injunction stopping Defendant from contacting Plaintiff or her children, defaming, invading privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name and images for personal gain, stalking and harassing Plaintiff or her children. Privacy is a fundamental right that the legal system is designed to safeguard.

VIII.   Appropriate injunctive relief against Defendant, including a permanent injunction ordering Defendant to cease using Plaintiff's private content, video and photographic footage of Plaintiff and her children on his exclusive websites, in Defendant's possession, requiring that Defendant and his respective agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease directly or indirectly causing, enabling, facilitating, encouraging, promoting and inducing or participating in the invasion of Plaintiff's privacy, unlawfully intruding into Plaintiff's private

affairs, disclosing her private information, doxing her, publicizing her in a false light, and appropriating her name for personal gain, stalking and harassing of Plaintiff and her children.

IX. Any other appropriate relief at law and equity that this Court deems just and proper.

Dated: Broome County, New York

October 16, 2024

Respectfully submitted,

*Jane Doe*

Jane Doe
