U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
**Oct 16 - 2024**
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

|  |  |  |
|---|---|---|
| JANE DOE | ) | Case No. 3:24-CV-1267 (MAD/ML) |
| Plaintiff | ) | |
| -against- | ) | |
| VEM MILLER aka | ) | |
| VSEM MILLER-YENOVKIAN aka | ) | |
| VEM YENOVKIAN aka | ) | |
| VEM STEINBERG aka | ) | |
| BRIAN MILLER | ) | |
| dba AMERICA HAPPENS | ) | |
| Defendant | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**

**HER MOTION FOR LEAVE FOR PLAINTIFF TO APPEAR ANONYMOUSLY**

Plaintiff Jane Doe, pro se, respectfully submits this Memorandum of Law in Support of her Motion for Leave for Plaintiff to Appear Anonymously in this matter.

**PRELIMINARY STATEMENT**

Plaintiff brings this action after enduring 15 months of ongoing harassment, cyberstalking, stalking, including child endangerment and abuse towards Plaintiff's minor children by the Defendant and his campaign of non-stop bullying, doxing, extortion, distribution of falsehoods and defamatory statements, along with two exclusive websites www. xxxxxxxxxxx.info and

www. xxxxxxxxxxxx.com set up by Defendant and his friend and colleague Jonathan Rees aka Greg Ellis to destroy Plaintiffs business, livelihood, relationships, physical, mental, and emotional wellbeing of Plaintiff and her children by naming Plaintiff and sharing videos and photographs of Plaintiff on his exclusive websites, along with sending emails with links to these websites far and wide to Plaintiff's clients, business associates, work colleagues, friends, management team, and also to her children's school friends with the intention to cause harm, damage and chaos for Plaintiff.

Respectfully, Jane Doe's children are minors aged 14,15,17 and if Jane Doe was disclosed this would immediately compromise children's identities allowing Defendant to magnify his abuse of Plaintiff and her family who have already gone through so much with Defendant and his friend Jonathan Rees aka Greg Ellis. For the last 6 months since Plaintiff received a 3 year full stay away order of protection from Judge Young in Broome Family Court against Jonathan Rees aka Greg Ellis, harassment, stalking, tormenting by Defendant has increased with him posting on his exclusive websites about Plaintiff that her children were sexually abused by their father, even contacting their schools with falsehoods to hurt each of them, along with submitting reports to CPS with malicious false information resulting in CPS interviewing Plaintiffs multiple times at school with their school counselors, all deemed unfounded by multiple CPS Officers spanning months. Defendant has also reported Plaintiff to ICE hoping for removal back to Country of origin. Defendant is an enabler of abuse, a radical extremist and part of the group Proud Boys and Sovereign Citizens, recruited as a puppet for Jonathan Rees aka Greg Ellis to create more fear and harm for Plaintiff and her children. Defendant has contacted Plaintiff's work colleagues, business associates, and utilizes many different aliases and fake profiles to harm Plaintiff online and by contacting anyone associated to Plaintiff, even their friends who are minors in school with edited fake videos attempting to portray Plaintiff as an Attempted Murderer, which Defendant also sent to Plaintiff's Sales Agent Big Media to terminate her latest film distribution

deal, ruining Plaintiffs reputation, along with disrupting her clients, production crew and distributor.

Importantly, Plaintiff may work in the Entertainment industry behind the camera, however, Plaintiff is an extremely private person with limited information shared about Plaintiffs private lives. Minors deserve privacy and protections from the court and given Defendant's outrageous actions to date, him believing Laws don't apply to him as a Sovereign Citizen, and his history of setting up websites, stalking, harassment and violence towards his own minor children and ex-wife as demonstrated in Ontario Superior Court of Justice, Plaintiff believes these proceedings will aggravate Defendant further, increasing his abusive behavior towards Plaintiff with the very real threat of him using court information to harm Plaintiff and her children.

Defendant states he's a public figure, a "journalist" and was recently arrested very publicly at ex-President Trump's rally in Coachella on or around, Saturday 12th October, 2024 for possessing loaded illegal firearms, including a shotgun, hand gun, extra loaded magazines, plus, multiple fake I.D.s with varying names, falsified Press Pass, homemade Sovereign Citizen License Plate on his vehicle.

Therefore, Plaintiffs believe it is necessary that she proceed under a pseudonym, "Jane Doe" in this action, and that Defendant be prohibited from otherwise publicly identifying Plaintiff by filing unredacted images, including photographs and videos, of her.

Additionally, while Federal Rule of Civil Procedure 10(a) generally requires parties to expressly identify themselves in their respective pleadings, federal courts have "carved out a limited number of exceptions to the general requirement of disclosure . . . , which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F3d 185, 189 (2d Cir. 2008). In *Sealed Plaintiff*, the Second Court of Appeals endorsed the Ninth Circuit's balancing test and held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the

public interest in disclosure and any prejudice to the defendant." The Second Circuit elaborated that several non-exhaustive factors should be considered, including:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . , (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to present [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [their] identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal citations omitted) (internal quotations omitted). Application of these factors to a case rests in the sound discretion of the district court. *See Doe v. Smith*, 1:19-CV-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *3 (N.D.N.Y. Nov. 27, 2019).

Here, nearly all of the relevant factors weigh in favor of granting Plaintiff's request to bring this litigation pseudonymously.

Further dissemination of the websites, along with media and social media exposure, especially given Defendant under suspicion of planning to assassinate President Trump, and the public's linking of Plaintiffs names to Defendant's bad acts, poses the risk of additional harm to minors

and reputational and emotional harm to Plaintiff and is needlessly revictimizing. *See M.A. v. United States Citizen*, 2023 U.S. Dist. LEXIS 123694, at *3-4 (S.D.N.Y. July 18, 2023) (granting plaintiff's motion to proceed anonymously and holding that if plaintiff's identity were revealed it could place him in danger); *see also Smith*, 2019 U.S. Dist. LEXIS 205707, at *4 (finding that cases that risk garnering significant media attention pose a risk of "further reputational harm" to plaintiffs). Here, Defendant engaged in acts of harassment, stalking, child endangerment and extortion, and his goal is to humiliate and harm Plaintiff and would enjoy the media exposure of abuse and violence embarrassing Plaintiff ruining her future prospects with no regards to protecting her identity, leading to further bullying of her children at their school due to Defendants actions so far.

Plaintiff's ability to earn money as a filmmaker depends on reputation. Defendant will not be prejudiced if Plaintiff were to appear anonymously. *See Black*, 2023 U.S. Dist. LEXIS at *4; *see also Grace Baptist Church*, 2022 U.S. Dist. LEXIS at *7 (finding defendant would not be prejudiced if plaintiff remained anonymous). The Complaint will be amended and will set forth the factual basis for Plaintiff's claims in great detail, Defendant knows the identity of the Plaintiffs, and Defendant will have no difficulty understanding the allegations, seeking necessary discovery, and defending against Plaintiff's claims.

To date, while Defendant has defamed Plaintiffs widely amongst his and Plaintiff's personal network, and set up two websites, he has not, to Plaintiff's knowledge, published their identities on his social media platforms.

The public's interest in this litigation is not furthered by knowing the identity of Plaintiff or her children as minors, who are very shy and private. While Defendant is a public figure, and there may be public interest in the litigation due to his recent charges, the identity of his accusers, need not be revealed in order for the public to have access to the necessary and pertinent information. In fact, in this case, Defendant being a public figure more strongly supports the notion that

Plaintiff should be permitted to appear as "Jane Doe" Indeed, because of Defendant's public status, this case could draw unwanted and potentially harmful attention to Jane Doe and her children. Defendant has a propensity to publish facts about domestic violence cases brought against him, including videos of his own children during visitation and photographs of them from stalking his ex-wife, ordered by the Judge to remove and stop, which he ignored, leaving Ontario moving to Las Vegas to avoid penalties. Plaintiff believes he would do the same in regards to the claims against him, targeting her children to harm her further.

Plaintiff is not aware of any other mechanism to protect minors and her reputation and confidentiality. *See Smith*, 2019 U.S. Dist. LEXIS 205707, at *6 (seeing no alternative way to protect plaintiff and permitting plaintiff to proceed as "Jane Doe").

Here, Plaintiffs should be permitted to prosecute this action under a pseudonym. Further, the parties should be prohibited from publishing any unredacted documents that identify Plaintiff by image because such actions would undermine Plaintiff's ability to proceed anonymously.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks that the Court grant her Motion for Leave to Appear Anonymously, order that she be permitted to appear as "Jane Doe" respectively, prohibit any party from publishing her private information or images in any Court filings, and any other such relief as this Court deems just and necessary.

                                        Respectfully submitted,

                                        */s/ Jane Doe*
                                        _____

                                        JANE DOE.