UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

                              **Plaintiff,**

   vs.                                                   3:24-CV-1267
                                                                   (MAD/ML)

VEM MILLER,

                              **Defendant.**
_____

APPEARANCES:                                       OF COUNSEL:

**JANE DOE**
200 Washington Ave, #7181
Endicott, New York 13760
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 16, 2024, *pro se* Plaintiff Jane Doe ("Plaintiff") commenced this action against Defendant Vem Miller ("Defendant").[1] *See* Dkt. No. 1. Plaintiff asserts eight causes of action, which she labels as (1) Stalking/Cyberstalking, pursuant to 18 U.S.C. § 2261A; (2) Harassment; (3) Intentional Infliction of Emotional Distress; (4) Violation of New York Civil Rights Law § 52-b; (5) Tortious Interference with Contract/Prospective Economic Advantage; (6) Intentional Interference with Prospective Business Relations; (7) Injurious Falsehood; and (8) Libel and Slander. *See id.* On January 22, 2025, Plaintiff requested that the Clerk of the Court

---

[1] According to the complaint, Defendant is also known as "Vsem Miller-Yenovkian," "Vem Yenovkian," "Vem Steinberg," and "Brian Miller," and does business as "America Happens." *See* Dkt. No. 1 at 1.

enter a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 16. The Clerk entered the requested default on January 23, 2025. *See* Dkt. No. 17. On January 28, 2025, Plaintiff moved for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 55.2 *See* Dkt. No. 19. As set forth below, Plaintiff's motion for default judgment is denied without prejudice, and the complaint is dismissed without prejudice for failure to plead subject matter jurisdiction.

## II. BACKGROUND

Plaintiff alleges that Defendant engaged in a coordinated campaign of online harassment and defamation, aimed at destroying Plaintiff's career in the entertainment industry. *See* Dkt. No. 1 at ¶¶ 1, 6, 8, 27. Much of the complaint merely rehashes allegations that Plaintiff has made against "Defendant's friend Jonathan Rees [also known as] Greg Ellis," which are the subject of a separate action currently pending before this Court. *See Jane Doe et al. v. Jonathan Rees*, No. 3:24-CV-00274 (N.D.N.Y). As for the allegations that pertain to Defendant in this matter, Plaintiff's claims stem from her allegations that Defendant operated and maintained "two exclusive websites" where he posted "derogatory information . . . on a regular basis to continue to humiliate and harm Plaintiff with falsehoods and distorted facts" and that Defendant "plac[ed] false calls and [sent] false emails" to Plaintiff's business associates. *Id.* at ¶¶ 30, 39, 47, 59, 64, 69, 73, 79-83. Plaintiff seeks injunctive relief as well as unspecified monetary damages. *See id.* at ¶¶ I-IX.

## III. DISCUSSION

**A.      Subject Matter Jurisdiction**

Before reaching the merits of Plaintiff's claims, the Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists."

2

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims." *Centra Devs. Ltd. v. Jewish Press Inc.*, No. 16-CV-6737, 2018 WL 1788148, *5 (E.D.N.Y. Feb. 20, 2018) (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010); and *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)), *report and recommendation adopted*, 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Plaintiff asserts that this Court has subject matter jurisdiction pursuant to both diversity and federal question jurisdiction. *See* Dkt. No. 1 at ¶¶ 7-13. However, Plaintiff has failed to plead facts that establish subject matter jurisdiction under either 28 U.S.C §§ 1331 or 1332.

### 1. Federal Question Jurisdiction

28 U.S.C. § 1331 confers jurisdiction on federal courts to resolve cases "arising under" federal law. A case typically "arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation omitted). "[T]he 'general rule' is that federal courts lack federal-question jurisdiction 'if the complaint does not affirmatively allege a federal claim.'" *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (quotation and other citation omitted).

Of Plaintiff's eight causes of action, only one apparently invokes federal law: the first cause of action for "Stalking/Cyberstalking," brought pursuant to 18 U.S.C. § 2261A. *See* Dkt. No. 1 at ¶¶ 28-36. The balance of Plaintiff's claims sound in state tort law. *See id.* at ¶¶ 37-84.

Although Plaintiff has attempted to invoke federal question jurisdiction by asserting a claim under 18 U.S.C. § 2261A, she cannot bring a claim under this statute. As courts in this Circuit have observed, there exists no private right of action for § 2261A claims because it is a criminal statute. *See Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) ("Case law is . . . unanimous that no private right of action is available under § 2261A") (collecting cases); *Cain v. Rambert*, No. 13-CV-5807, 2014 WL 2440596, *10 n.9 (E.D.N.Y. May 30, 2014) ("[T]here is no private right of action to enforce this criminal statute, which, as a general matter, is prosecuted by the government and not by private individuals") (collecting cases). Thus, Plaintiff has failed to bring a claim that invokes this Court's federal question jurisdiction.

Additionally, the Court *sua sponte* dismisses Plaintiff's first cause of action because it is based on a meritless legal theory. The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation, internal citations, and internal quotation marks omitted). However, "a district court has inherent authority to 'dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.'" *Hariprasad v. New York*, 722 Fed. Appx. 102, 102 (2d Cir. 2018) (quoting *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)). And, even given the "'special solicitude'" accorded to *pro se* submissions, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quotation omitted), a court may dismiss claims that are "based on an indisputably meritless legal theory," *Hariprasad*, 722 Fed. Appx. at 103 (quotation and internal quotation marks omitted).

**2. Diversity Jurisdiction**

Because Plaintiff has not established federal question jurisdiction, the complaint must be dismissed for lack of subject matter jurisdiction unless Plaintiff has established diversity jurisdiction. *See Walker v. Everett L. James & M&S Transp. Inc.*, No. 23-CV-7895, 2024 WL 3342226, *2 (S.D.N.Y. July 8, 2024) ("'[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress.' 'Congress has granted district courts original jurisdiction over cases in which there is a federal question, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met'") (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)) (internal citations omitted).

As with federal question jurisdiction, the plaintiff bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists") (quotation omitted). To establish diversity jurisdiction, the invoking party must show: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest; and (2) there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Here, the Court finds that Plaintiff has failed to establish both requirements.

First, Plaintiff has failed to plead the citizenship of either party. Plaintiff alleges that she is a "resident" of New York and Defendant is a "resident" of Nevada. *See* Dkt. No. 1 at ¶¶ 7, 9. However, for the purposes of diversity jurisdiction, "[t]he citizenship of a natural person . . . is determined . . . by the person's domicile," *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006), and "a statement of the parties' residence is insufficient to establish their citizenship," *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); s*ee also Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 Fed. Appx. 489, 491 (2d Cir. 2003) ("It is

5

well established that '[a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens'") (quotation omitted) (alteration in original).

Second, Plaintiff has entirely failed to plead the amount in controversy. The party invoking jurisdiction "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)) (internal quotation marks omitted). Plaintiff's conclusory allegation that "the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" is the only statement of monetary of damages in the complaint. *See* Dkt. No. 1 at ¶ 11. Nowhere else in the complaint does Plaintiff allege the amount in controversy and, moreover, Plaintiff left the section of the Civil Cover Sheet which asks for the monetary demand blank. *See* Dkt. No. 1-1 at 1. This threadbare allegation is insufficient to meet Plaintiff's burden. *See Mariano v. 61-63 Bond St. F & B*, No. 22-CV-7189, 2023 WL 2329854, *4 (E.D.N.Y. Mar. 2, 2023) ("The only allegation as to the amount in controversy is the boilerplate assertion that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.' Without more, Plaintiff's boilerplate assertion is 'conclusory and not entitled to a presumption of truth'") (citing *Wood v. Maguire Auto., LLC*, 508 Fed. Appx. 65, 65 (2d Cir. 2013)) (internal citation omitted) (alteration in original).

The Court declines to consider Plaintiff's requests for punitive damages, injunctive relief, and attorney's fees in assessing the amount in controversy because the complaint is devoid of any allegations that explain, justify, or attempt to value any of these other forms of relief sought. *See* Dkt. No. 1 at ¶¶ I, III, IV, VII, VIII; *Parker v. Riggio*, No. 10-CV-9504, 2012 WL 3240837, *6-8

(S.D.N.Y. Aug. 6, 2012) (declining to consider declaratory relief sought in assessing amount in controversy where the plaintiff "d[id] not seek a specified amount of damages" and did not provide a basis for valuing the requested relief); *KT Export v. Wolf Canyon of Am., Inc., USA*, No. 09-CV-7123, 2010 WL 5249231, *1 (S.D.N.Y. Dec. 17, 2010) (finding the plaintiffs' "failure to explain or justify their claim for punitive damages defeat[ed] any attempt to include those damages in the calculation of the amount in controversy").

For these reasons, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction.

**B.    Leave to Amend**

As the Court lacks subject matter jurisdiction, Plaintiff's motion for default judgment is denied and the complaint must be dismissed.  *See DeVito Verdi, Inc. v. Legal Sea Foods, Inc.*, No. 1:21-CV-1007, 2021 WL 1600088, *2 (S.D.N.Y. Apr. 23, 2021) (denying motion for default judgment and dismissing complaint because the plaintiff failed to plead subject matter jurisdiction) (collecting cases).  In light of the special solicitude afforded to *pro se* litigants, and because the Court raised the issue of subject matter jurisdiction *sua sponte*, the Court dismisses the complaint without prejudice and with leave to amend to cure the jurisdictional defects described above.  *See id.*  Plaintiff is granted thirty days to file an amended complaint consistent with this Memorandum-Decision and Order.  The revised pleading should set forth allegations that establish this Court's subject matter jurisdiction.  Moreover, any amended pleading should not allege a claim arising under § 2261A, as there exists no private right of action for Plaintiff to bring such claim.  If Plaintiff files an amended complaint, it must be a wholly-integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document

7

previously filed with the Court. *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 118-19 (N.D.N.Y. 2023).

C.   **Personal Jurisdiction and Service of Process**

Sufficiency of process and the adequacy of service of process are affirmative defenses that must be raised by a defendant in a Rule 12(b) motion to dismiss. *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5), 12(h)(1). Thus, courts generally do not raise such defenses *sua sponte*. *See Forsberg v. Always Consulting, Inc.*, No. 06-CV-13488, 2008 WL 5449003, *17 (S.D.N.Y. Dec. 31, 2008). However, in deciding whether to grant a motion for default judgment, a district court may, on its own initiative, consider whether it has personal jurisdiction over the non-appearing defendant. *See N. Am. Co. for Life & Health Ins. v. Pouncey*, No. 3:23-CV-00137, 2024 WL 4037005, *11 (D. Conn. Sept. 3, 2024). The choice to consider the issue of personal jurisdiction is distinct from a court's mandatory duty to assure itself that subject matter jurisdiction over the matter has been sufficiently established before entering a default judgment. *See Harleysville Ins. Co. v. Certified Testing Labs., Inc.*, 681 F. Supp. 3d 155, 164 n.3 (S.D.N.Y. 2023) ("Whereas on default judgment a district court must assure itself of subject matter jurisdiction, it may but is not required to do so with respect to personal jurisdiction") (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 n.7 (2d Cir. 2010)).

At this time, the Court will not reach the issue of personal jurisdiction because subject matter jurisdiction is lacking; however, it seems prudent to remind Plaintiff of her duty to effect proper service, in light of the fact that leave to amend has been granted. Plaintiff's filings raise serious doubts about whether she did, in fact, properly effect service of process on Defendant in this action. Most notably, the proof of service, signed by a process server, states that an anonymous person accepted service of the summons and complaint at 5875 S Rainbow Blvd Ste

8

204, Las Vegas, Nevada 89118. *See* Dkt. No. 13. Plaintiff represents that this is the business address of Defendant's "attorney of record." *See* Dkt. No. 16-1 at ¶ 10.

As a threshold matter, "'[g]enerally, service upon an individual's attorney is not sufficient to confer personal jurisdiction,'" absent implied or express authority. *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 298 (E.D.N.Y. 2024) (quoting *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990)). Even more troubling, though, the process server does not even attest that service was made on Defendant's attorney; the proof of service states that the person served "is a client at the lawyer [sic] office." Dkt. No. 13 at 1. Without belaboring the point, the Court notes that service of process on an un-named person who happens to be another client of an attorney that purportedly represented Defendant in unrelated proceedings is likely not sufficient. If Plaintiff opts to file an amended complaint, she is directed to diligently ensure proper service of process.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions, and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiff's first cause of action, brought pursuant to 18 U.S.C. § 2261A, is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the balance of the complaint (Dkt. No. 1) is **DISMISSED without prejudice and with leave to amend** for lack of subject matter jurisdiction; and the Court further

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 19) is **DENIED**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **thirty (30) days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment against Plaintiff and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 16, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge